## OPEL *v.* WEISHEIT.

### [No. 10,521. Filed November 6, 1919.]

1. WATER AND WATERCOURSES.—*What Constitutes.—Action for Obstruction.*—In an action for damages and to enjoin the further obstruction of a watercourse, evidence that twenty-eight years ago the alleged watercourse was a creek eighteen inches to three feet wide and too deep to cross with a team, and had a regular channel, and, while it had been straightened and the banks worn down until a team could cross in places, there were still banks four feet deep where the stream was two or three feet wide, constitutes some evidence of a watercourse. p. 313.
2. APPEAL.—*Review.—Evidence.—Conflict.*—A finding based on contradictory evidence will not be disturbed on appeal. p. 313.

From Dubois Circuit Court; *John L. Bretz,* Judge.

Action by Charles Weisheit against Mary Opel. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Bomar Traylor,* for appellant.
*C. H. Hartke,* for appellee.

NICHOLS, P. J.—This was an action by appellee against appellant for damages for the obstruction of a watercourse, and for injunction. The complaint, in two paragraphs, was answered by a general denial. There was a trial by the court, which resulted in a finding and judgment for the appellee. After motion for a new trial, which was overruled, this appeal.

It is averred in the complaint, in substance, that the appellee is the owner of certain real estate in Dubois county, Indiana, and that the appellant is the owner of certain other real estate adjoining thereto. For many years, and time immemorial, there had been a well-defined natural course and stream of water in a well-defined channel running through the southern part of said appellee's real estate, from north to south, and crossing the dividing line between appellee's said land and appellant's said land. On or about May 10, 1916, appellant, without right, unlawfully built, and ever since has maintained, a solid plank fence about two and one-half feet high, together with a dam or embankment of logs, brush, soil and earth, and other material of the same height, on her land and on the dividing line between said tracts, and over and upon said watercourse, and in the channel thereof, thereby diverting it and throwing it back on appellant's lands, overflowing about ten acres thereof, thereby rendering it worthless for farming purposes. Appellee's private driveway, from his house to the public highway ran along said dividing line, and he had several years before constructed a bridge over the channel of said stream, which he kept in repair until the time of the obstruction aforesaid, and by reason of such obstruction the bridge was rendered worthless, and the roadway wet, soft, muddy and most of the time impassable and impossible to use by appellee. If such obstruction is allowed to remain, the usefulness of said roadway will be completely destroyed and his damages irreparable. There is a prayer for $500 damages, and for the removal of said obstruction and an injunction against further continuing the same.

: ·The construction of the dam by appellant, and the fact of injury resulting therefrom, is not denied, but whether the waterway obstructed by the dam 1. constituted a watercourse is controverted, and the evidence as to the character of the waterway is very contradictory; but there is evidence that twenty-eight years before this suit the creek was eighteen inches to three feet wide, and too deep to cross with a team, and that the banks were gradually worked down till a team could. cross. While the stream is mentioned as a ditch, the same witness also calls it a creek, and says it had a regular channel, and that there always was a channel there. The old ditch or creek, which was angling, had been straightened. On the Weisheit land it was two· or three feet wide, with banks about four feet deep. This evidence constitutes some evidence of a watercourse, and this court will not weigh the evidence.

After hearing all the evidence, including the above, in effect, the court has found for the appellee, and rendered judgment for damages and enjoining 2. the appellant. We are not at liberty to disturb the court's decision. The legal principles involved, as to what constitutes a watercourse and as to weighing the evidence, are so well established that we do not need to cite authorities.

The judgment is affirmed.